# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| QUIANA BRYANT, as Guardian ad Litem for M.V.W., a minor,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | No. ED CV 09-1537-PLA<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)** |

## INTRODUCTION

On June 7, 2011, plaintiff's counsel, William M. Kuntz ("counsel"), filed a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)[1] (the "Motion"), seeking the amount of $5,370.92 for representing plaintiff in an action to obtain social security benefits for her minor son, M.V.W. Counsel indicates that he performed 14 hours and 20 minutes of attorney services in representing plaintiff before the District Court. (See Declaration of William M. Kuntz ("Kuntz Decl.") at ¶ 5; Motion at pp. 1, 3-4, 7-9, 19; see also Motion, Exhibit 4). Counsel seeks compensation pursuant

---

[1] Unless otherwise indicated, all statutory references are to Title 42 of the United States Code.

to a contingent fee agreement that allows him to recover 25% of retroactive benefits. (See Kuntz Decl. at ¶ 2; Motion at pp. 3, 5-7; see also Motion, Exhibit 1A, 1B, 1C). On June 7, 2011, defendant filed a Non-Party Analysis to counsel's Motion, stating that it is "not in a position to either assent or object to the § 406(b) fees that Counsel seeks from [M.V.W.'s] past-due benefits." (Non Party Analysis at p. 2). Plaintiff was served with the Motion, which advised plaintiff of her right to oppose the Motion (see Motion at pp. 1-2; Proof of Service to the Motion), but plaintiff did not file an opposition, or any other response, to the Motion, and her time to do so has passed.

The Court has taken counsel's Motion under submission without oral argument. For the reasons stated below, the Court grants the Motion.

**PRIOR PROCEEDINGS**

On August 19, 2009, plaintiff commenced the instant action. On August 17, 2010, judgment was entered remanding the case to defendant for further proceedings. (See Judgment, entered on August 17, 2010). On remand, M.V.W. was found disabled and was awarded retroactive benefits. (See Kuntz Decl. at ¶¶ 3-4; Motion at p. 3; see also Motion, Exhibit 3). The sum of $11,370.92, i.e., 25 percent of M.V.W.'s past due benefits, was withheld from the award, from which counsel was paid $6,000 for services he performed before the Administration pursuant to § 406(a).[2] (See Motion at pp. 3, 20). Counsel already has been awarded attorney's fees of $2,543 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (See Motion at pp. 1, 3, 8, 20-21). The EAJA award offsets any attorney's fees award payable from M.V.W.'s past-due benefits, up to the full amount of the EAJA award.[3] Accordingly, the net amount of attorney's

---

[2] The Court notes that § 406(b) does not limit the combined fees awarded under § 406(a) and § 406(b). See Clark v. Astrue, 529 F.3d 1211, 1218 (9th Cir. 2008) (holding that "the plain text of 42 U.S.C. § 406(b) limits only the amount of attorney's fees awarded under § 406(b), not the combined fees awarded under § 406(a) and § 406(b), to 25% of the claimant's past-due benefits"). Nonetheless, in this case, the requested 406(b) fees combined together with the authorized 406(a) fees do not exceed 25% of M.V.W.'s past-due benefits.

[3] If attorney's fees are awarded under the EAJA and section 406(b), the attorney must refund the smaller of the two awards to the claimant. See Gisbrecht v. Barnhart, 535 U.S. 789,
(continued...)

2

fees counsel now seeks payable from M.V.W.'s benefits is $2,827.92. (See Motion at pp. 1, 3, 20-21).

## ATTORNEY'S FEES UNDER THE SOCIAL SECURITY ACT

Section 406(b) provides, in part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." Gisbrecht, 535 U.S. at 792.

In Gisbrecht, the Supreme Court explained that where the plaintiff has entered into a contingent fee agreement with counsel, § 406(b) is meant "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. Aside from capping the contingency rate at 25 percent, § 406(b) does not explain how courts should determine if requested attorney's fees are reasonable. Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc). In Gisbrecht, the Supreme Court held that where the claimant and counsel had entered into a lawful contingent fee agreement, courts that used the "lodestar" method as the starting point to determine the reasonableness of fees requested under section 406(b) improperly "reject[ed] the primacy of lawful attorney-client fee agreements."[4] 535 U.S. at

---

[3](...continued)
796, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) (noting that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits).

[4] Under the "lodestar" method, attorney fees are calculated by multiplying the number
(continued...)

793. As the Ninth Circuit explained in Crawford, lodestar rules should not be applied by courts in cases where the plaintiff and attorney reached a contingent fee agreement because "[t]he lodestar method under-compensates attorneys for the risk they assume in representing [social security] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement. A district court's use of the lodestar to determine a reasonable fee thus ultimately works to the disadvantage of [social security] claimants who need counsel to recover any past-due benefits at all." 586 F.3d at 1149. However, even in contingency fee cases, the Court has "an affirmative duty to assure that the reasonableness of the fee [asserted by counsel] is established." Id. To satisfy this duty, the Court must examine "whether the amount need be reduced, not whether the lo[de]star amount should be enhanced." Id.

The Court has conducted an independent check as to the reasonableness of the fee sought here. Plaintiff retained counsel to represent her in federal court in the social security disability case of her minor son, M.V.W., and agreed to pay counsel a contingent fee in an amount equal to 25% of any past-due benefits obtained. (See Kuntz Decl. at ¶ 2; Motion at pp. 3, 5-7; see also Motion, Exhibit 1A, 1B, 1C). Under Gisbrecht and Crawford, the Court examines a lawful contingent fee agreement only to assure that the enforcement of that agreement is not

---

[4](...continued)
of hours reasonably expended in representing a client by a reasonable hourly fee. See Gisbrecht, 535 U.S. at 797-98 (discussing application of the "lodestar" method in the Ninth Circuit). The "lodestar" may be adjusted upward or downward to account for a variety of factors. See Gisbrecht, 535 U.S. at 798-99. Courts in this and other circuits look to the following factors to determine whether the lodestar should be adjusted:

> 1) the time and labor required; 2) the novelty and difficulty of the questions involved; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.

Allen v. Shalala, 48 F.3d 456, 458 n.3 (9th Cir. 1995) (citation omitted), abrogated by Gisbrecht, 535 U.S. 789.

unreasonable. See Gisbrecht, 535 U.S. at 807; Crawford, 586 F.3d at 1149-50. The Court may consider factors such as the character of the representation, the results achieved, the ratio between the amount of any benefits awarded and the time expended, and any undue delay attributable to counsel that caused an accumulation of back benefits. See Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1151. Consideration of these factors warrants no reduction of the fee sought by counsel here. Counsel obtained a very favorable outcome for plaintiff and M.V.W., resulting in a remand for further proceedings and ultimately in the payment of past-due benefits for M.V.W. The record discloses no issue regarding the quality or efficiency of counsel's representation before this Court, or any misconduct or delay by counsel. The time expended was reasonable to litigate the case to the point where it was remanded for further proceedings (after which benefits were awarded to M.V.W.), and the time spent on the case was within the approved range for social security disability cases. See Patterson v. Apfel, 99 F.Supp.2d 1212, 1214 & n.2 (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range," and collecting cases).

Counsel asserts that a fee of $5,370.92 based on 14 hours and 20 minutes of attorney time is reasonable in this case. (See Motion at pp. 3, 7-9). The Court finds that the effective hourly rate for attorney time equaling approximately $375 is reasonable under the circumstances. In Crawford, the Ninth Circuit found reasonable § 406(b) fees with effective hourly rates for attorney time far exceeding the effective rate requested by counsel here (see 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); see also id. at 1145-46, 1151), as have courts applying the Ninth Circuit's analysis in Crawford. See, e.g., Villa v. Astrue, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (approving § 406(b) fees exceeding $1,000 per hour, and noting that "[r]educing § 406(b) fees after Crawford is a dicey business"). Even before Crawford, most post-Gisbrecht decisions approved contingent fee agreements yielding hourly rates not far different (but still greater) than those sought here. See, e.g., Hearn v. Barnhart, 262 F.Supp.2d 1033, 1036 (N.D. Cal. 2003) (finding reasonable an effective hourly rate of $450, even though it was nearly

three times the amount of the EAJA hourly rate); Hussar-Nelson v. Barnhart, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) (rejecting the argument that an hourly rate of $393.00 for 53.9 hours of work represented a windfall, and collecting pre-Gisbrecht cases awarding contingent fees that translated into hourly rates ranging from $380 to $605). Other post-Gisbrecht decisions approved contingent fee agreements yielding hourly rates much greater than the rate sought by counsel here. See, e.g., Droke v. Barnhart, 2005 WL 2174397, at *2 (W.D. Tenn. Sept. 6, 2005) ($830.82 per hour not unreasonable for 17.9 hours of work); Brown v. Barnhart, 270 F.Supp.2d 769, 773 (W.D. Va. 2003) (fee equivalent to $977.20 per hour awarded, after district court rejected a larger amount); Santino v. Astrue, 2009 WL 1076143, at *4 (N.D. Ind. April 20, 2009) (noting that the court had previously awarded § 406(b) attorney's fees equivalent to more than $1,000 per hour); Claypool v. Barnhart, 294 F.Supp.2d 829, 833-34 (S.D. W. Va. 2003) (court awarded fee amounting to $1,433.12 per hour); Daniel v. Astrue, 2009 WL 1941632, at *2-3 (C.D. Cal. July 2, 2009) (approving fees amounting to $1,491.25 per hour).

Nothing in the record before the Court suggests that there was any overreaching in the making of the fee agreement or any impropriety on the part of counsel in representing plaintiff in her action before this Court. Counsel assumed the risk of nonpayment inherent in a contingency agreement, the requested § 406(b) fee does not exceed the 25% of M.V.W.'s past-due benefits authorized by the contingent fee agreement in this case or the statutory cap, and counsel's efforts ultimately proved quite successful for plaintiff as guardian ad litem for her son M.V.W. See Hardin v. Astrue, 2009 WL 1808462, at *2 (C.D. Cal. June 23, 2009) (approving requested § 406(b) fee, where counsel assumed the risk of nonpayment inherent in a contingency agreement, there was no indication of impropriety on the part of counsel in reaching the fee agreement, the agreed-upon contingent fee did not exceed the 25% statutory cap, and the fee Motion sought no more than the agreed 25% fee). Also, plaintiff had an opportunity to oppose counsel's Motion, but did not do so. Based on existing authority, the fee requested is not so inordinately large in comparison with the number of hours spent by counsel on the case that it would represent a windfall to counsel. Accordingly, the Court finds reasonable the § 406(b) fees requested by counsel in this case.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that: (1) counsel's Motion for Attorney Fees is **granted**; (2) the Commissioner pay plaintiff's counsel the sum of Five Thousand Three Hundred Seventy dollars and Ninety-Two cents ($5,370.92); and (3) plaintiff's counsel is directed to reimburse plaintiff as guardian ad litem for M.V.W. the sum of Two Thousand Five Hundred Forty-Three dollars and Zero cents ($ 2,543.00), the amount already paid by defendant in EAJA fees.

DATED: July 5, 2011

/s/ Paul L. Abrams
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE